UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLERY MITCHELL and DEWAYNE NEWTON individually and on behalf of all others similarly situated,<br><br>       *Plaintiffs*,<br><br>  v.<br><br>CASELY INC.<br><br>       *Defendant*. | Case No.:<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs, Ellery Mitchell and Dewayne Newton ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully submit the following Complaint against Defendant, Casely Inc. (Defendant), and allege upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE ACTION

1. Plaintiffs bring this class action lawsuit as individuals who purchased Defendant Casely Inc.'s Wireless Power Pod, also referred to as a power bank or portable charger (Product) for normal household use.

2. Casely's Wireless Power Pods was sold online via its website and at other e-commerce platforms such as Amazon etc.

3. As such, the Power Pods are distributed, marketed and sold throughout the United States.

4. The Power Pods are powered by a lithium-ion battery.

5. Unfortunately, the Products are defective because they can catch fire[1]. In the recall notice, the CPSC notes 51 reports of injuries including 6 reports of consumers suffering burn injuries[2].

6. The recall impacts about 429,000 units with prices varying from $30-70[3].

7. The Power Pod model subject to recall is the E33A[4]. The model numbers are located on the back side of the Power Pod.

8. The Product is defective because the lithium-ion battery can overheat and catch fire. Despite this known fire risk, Defendant represented that the Power Pods were safe and effective for their intended use.

9. Other manufacturers formulate, produce, and sell non-defective Power Pods with formulations and production methods that do not cause the Products to catch fire, which is evidence that the fire risk inherent with Defendant's Products is demonstrably avoidable.

10. Feasible alternative formulations, designs, and materials are currently available and were available to Defendant at the time the Products were formulated, designed, and manufactured.

11. Plaintiffs purchased the Product, while lacking the knowledge that the Product could catch fire, thus causing serious harm to those who use such Products.

12. All consumers who purchased the worthless and dangerous Products have suffered losses.

13. As a result of the above losses, Plaintiffs seek damages and equitable remedies on behalf of themselves and the putative class.

---

[1] https://www.cpsc.gov/Recalls/2025/Casely-Recalls-Wireless-Portable-Power-Banks-Due-to-Fire-and-Burn-Hazards
[2] Id.
[3] Id.
[4] https://www.getcasely.com/pages/2025-recall





## PARTIES

14. Plaintiff Ellery Mitchell is a resident and citizen of Los Angeles, California. Los Angeles is located within Los Angeles County.

15. Plaintiff Dewayne newton is a resident of Fountain, Florida. Fountain is located in Bay County.

16. Defendant Casely Inc. is a US corporation organized and existing under the laws of the State of New York with its principal place of business located at 240 Kent Avenue B2/K12, Brooklyn, New York 11249. Casely's Ceo is Mark Stallings who utilizes the same address. Casely lists the New York Secretary of State as its Agent for Service of Process.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d).

18. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself to this District's jurisdiction and authority, given that the Defendant has conducted substantial business in this judicial district and in the State of New York.

19. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, given that the distribution and sale of the defective product occurred within this District.

## FACTUAL ALLEGATIONS

20. The CPSC has issued a Recall for Casely Power Pods with Model Number E33A based upon a fire and burn hazard associated with its Lithium Ion Battery.

21. Defendant has received reports of incidents involving the Power Pods including overheating, catching fire and burning users.

22. The Consumer Product Safety Commission issued a recall for the defective Products on April 17, 2025[5].

23. Plaintiff Mitchell purchased a Casely Power Pod on Amazon.

24. Plaintiff Mitchell experienced overheating during the course of the Product's normal use.

25. Plaintiff Newton purchased a Casely Power Pod on Amazon.

26. Plaintiff Newton experienced overheating during the course of the Product's normal use.

27. Plaintiff Newton advises that the Power Pod overheated his phone depriving him of its use.

28. Plaintiff Newton advises that the Power Pod's overheating diminished the battery strength of his cell phone.

29. Casely warrants its products against defects in manufacturing, material or workmanship under normal use. Casely attempts to limit this warranty only to those Products bought directly through its website[6].

### *Defendant's Misrepresentations and Omissions are Actionable*

30. Plaintiffs bargained for a Product that was safe to use. Defendant's fire prone Products were, and are, unsafe. As a result of the risk of fire, Plaintiffs, and all others similarly situated, were deprived the basis of their bargain given that the Defendant sold them a product that could overheat and spontaneously ignite or catch fire. This dangerous fire risk inherent to the Products renders them unmerchantable and unfit for their normal intended use.

---

[5] https://www.cpsc.gov/Recalls/2025/Casely-Recalls-Wireless-Portable-Power-Banks-Due-to-Fire-and-Burn-Hazards
[6] https://www.getcasely.com/pages/warranty

31. The Products are not fit for their intended use by humans as they expose consumers to a fire hazard. Plaintiffs are further entitled to damages for the injury sustained in being exposed to such danger, damages related to the Defendant's conduct, and injunctive relief.

32. Plaintiffs seek to recover damages because the Products are adulterated, defective, worthless, and unfit for human use due to the risk of catching fire.

33. The Defendant engaged in fraudulent, unfair, deceptive, misleading, and/or unlawful conduct stemming from its omissions surrounding the risk of catching fire affecting the Products.

34. Indeed, no reasonable consumer, including Plaintiffs, would have purchased the Products had they known of the material omissions of material facts regarding the possibility of the Products overheating and catching on fire.

35. Plaintiffs bought the Power Pod for personal use.

36. Plaintiffs intended to purchase a Product that would be safe for normal use but instead was sold a dangerous fire hazard that eventually overheated and melted.

37. If Plaintiffs had been aware of the risk fire in the Power Pods, they would not have purchased the Product or would have paid significantly less.

38. As a result of the Defendant's actions, Plaintiffs have incurred damages.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs bring this action on behalf of themselves and as a class action for all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

> **All persons within the United States who purchased Casely Inc.'s Power Pod/ Portable Power Bank Model E33A -5 within the statute of limitations**.

40. This Nationwide Class shall be referred to herein as the "Class."

41. Plaintiffs reserve the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

42. Excluded from the Class and Sub-classes are Defendant, its parents, subsidiaries, affiliates, officers and directors, and judicial officers and their immediate family members and associated court staff assigned to this case.

43. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from major retail sellers.

44. Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

45. The proposed Class is so numerous that the joinder of all members is impracticable.

46. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

47. **Numerosity: Fed. R. Civ. P. 23(a)(1)** – Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Classes are unknown at this time, such information is in the sole possession of Defendant and obtainable by Plaintiffs only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

48. **Typicality: Fed R. Civ. P. 23(a)(3)** – Plaintiffs' claims are typical of the claims of the members of the Class, because, inter alia, all Class Members have been injured through the uniform misconduct described above and were charged improper and deceptive fees as alleged herein. Moreover, Plaintiffs' claims are typical of the Class Members' claims because Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Class. In addition, Plaintiffs are entitled to relief under the same causes of action and upon the same facts as the other members of the proposed Class and Sub-class.

49. **Adequacy: Fed. R. Civ. P. 23(a)(4)** – Plaintiffs will fairly and adequately protect the interest of the members of the Class. Plaintiffs and the members of the Class were all consumers of a defective product posing a fire hazard. Plaintiffs will fairly and adequately represent and protect the interest of the Class and has retained competent counsel experienced in complex litigation and class action litigation. Plaintiffs have no antagonistic interest to those of the Class, and Defendant has no defenses unique to Plaintiffs.

50. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** – A class action is superior to all other available means for the fair and efficient adjudication of claims of Plaintiffs and Class Members. There are questions of law and fact common to all Class Members that predominate over questions affecting only individual Class Members. The damages or other financial detriment suffered by individual Class is relatively small compared to the burden and expense that would be incurred by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the Class, on an individual basis, to obtain effective redress for the wrongs committed against him or her. Further, even if the Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.

Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. On the other hand, the class action device provides the benefits of adjudication of these issues in a single proceeding, economics of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

51. Plaintiffs seek monetary damages, including compensatory damages on behalf of the Class, and other equitable relief on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described. Unless a Class is certified, Defendant will be allowed to profit from its unfair and unlawful practices, while Plaintiffs and the members of the Class will have suffered damages. Unless a Class-wide injunction is issued, Defendant may continue to benefit from these alleged violations, and the members of the Class a may continue to be unfairly treated making final injunctive relief appropriate with respect to the Class as a whole.

52. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** – This action involves questions of law and fact common to the Classes. The common legal and factual questions include, but are not limited to, the following:

    a. Whether Defendant's wrongful retention of Plaintiffs and Class Members' payments was an act of conversion;

    b. Whether Defendant breached its contract with the Plaintiffs by failing to refund Plaintiffs' payments upon the announcement of the recall;

    c. Whether Defendant's retention of Plaintiffs and Class Members' payments was a violation of Defendant's duty of good faith and fair dealing;

    d. Whether Defendant was unjustly enriched as a result of retaining and refusing to refund Plaintiffs and Class Members' payments upon the recall announcement;

  e. The proper method or methods by which to measure damages and/or restitution and/or disgorgement; and

  f. Whether Plaintiffs and the Class are entitled to declaratory and injunctive relief and the nature of that relief.

## CAUSES OF ACTION

### COUNT I
### UNJUST ENRICHMENT

53. Plaintiffs incorporate the allegations set forth in previous Paragraphs as though set forth fully herein.

54. Plaintiffs bring this claim against Defendant on behalf of themselves and the other Members of the Nationwide Class (the "Class").

55. Plaintiffs, and the other members of the Class, conferred a monetary benefit upon Defendant by purchasing the defective Power Pods either directly or through major online or in-person retail outlets. These payments were not gifts or donations but were made in exchange for products that were falsely represented as safe and reliable.

56. Defendant voluntarily accepted and retained these benefits. Defendant manufactured, marketed and distributed the defective Power Pods without adequate warnings of the known defect.

57. The benefit was obtained unlawfully by Defendant distributing a Product prone to catching fire. Retaining these profits without disclosing the defect or refunding consumers is unjust and inequitable.

58. The Defendant received revenues from the sales of these defective Power Pods at the expense of Plaintiffs and the Class, who would not have purchased the Power Pods had they been aware of the defect. The labeling and marketing of the Products by Defendant was misleading and caused direct economic harm and risk of injury to Plaintiffs and the Class.

59. Defendant has been unjustly enriched by retaining the revenues derived from the sales of Power Pods with defective batteries. Retention of these revenues is inequitable because Defendant failed to disclose the known risks associated with their products, thereby misleading consumers and endangering their safety.

60. Plaintiffs and the members of the Class seek restitution of the monies conferred upon Defendant as a result of their unjust enrichment. Defendant should be required to disgorge the profits obtained from the sale of Power Pods equipped with defective batteries and provide restitution to Plaintiffs and the Classes, as ordered by the Court.

## COUNT II
## BREACH OF EXPRESS WARRANTY

61. Plaintiffs incorporate the allegations set forth in the previous Paragraphs as though set forth fully herein.

62. Plaintiffs brings this claim against Defendant on behalf of themselves and the other Members of the Nationwide (the "Class").

63. Plaintiffs and each Member of the Class formed a contract with Defendant at the time they purchased the Products.

64. The terms of the contract included express warranties created by Defendant through affirmative representations, advertising, packaging, labeling, and marketing of the defective Power Pods.

65. Defendant, through these marketing and advertising efforts, expressly warranted that the Products were safe, effective, and fit for their intended purpose. These warranties became part of the basis of the bargain between Plaintiffs, Class Members, and Defendant.

66. Defendant made these affirmations of quality and safety through product labeling, packaging, and marketing materials. Defendant reinforced and relied upon these warranties by

advertising, displaying, and selling the Products to consumers, thereby making its own express representations of the Products' safety and fitness.

67. Plaintiffs and the Class Members fulfilled all conditions precedent to Defendant's liability under this contract, including purchasing the Products in reliance on Defendant's representations.

68. Defendant breached its express warranties because the Products were defective, prone to overheating, and presented a serious fire hazard contrary to their representations. The Products failed to conform to the express affirmations and promises made by the Defendant.

69. Plaintiffs and Class Members would not have purchased the Products had they known the true nature of the risks, including the potential for fire hazards and injuries.

70. As a direct and proximate result of Defendant's breach of express warranty, Plaintiffs and Class Members suffered and continue to suffer financial damages, injury, and economic losses. They are entitled to compensatory damages, attorneys fees, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## BREACH OF IMPLIED WARRANTY

71. Plaintiffs incorporate the allegations set forth in the Paragraphs as though set forth fully herein.

72. Plaintiffs brings this claim against Defendant on behalf of themselves and the other Members of the Nationwide Class (the "Class").

73. Defendant is a merchant engaged in the business of manufacturing, distributing, warranting, and/or selling the Products.

74. The Products are goods under the relevant laws, and at all times relevant, Defendant

knew or had reason to know of the specific use for which these Products were purchased.

75. Defendant entered into agreements with retailers to distribute and sell the Products to consumers, including Plaintiffs and Class Members, for personal and household use.

76. The implied warranty of merchantability, which applies to all sales of goods, means that Defendant warranted that the Products were fit for their ordinary purpose-- namely, to safely provide electric Power Pods without posing unreasonable risks of harm.

77. However, Defendant breached the implied warranty of merchantability because the Products were defective, not fit for their intended use, and posed a risk of overheating and catching fire. As a result, they were unfit for their ordinary purpose of recharging mobile devices.

78. This implied warranty applies to all purchasers of the Products, including Plaintiffs and Class Members, because they reasonably relied on Defendant's status as merchants and sellers of safe, functional goods.

79. Privity of contract is not required, as Plaintiffs and Class Members are the intended beneficiaries of Defendant's implied warranties. Defendant's warranties were created for the benefit of consumers, including Plaintiffs and Class Members.

80. Defendant was on notice of the defects through consumer complaints, reports of overheating incidents, and the recall of the Products, yet failed to address these defects before selling the Products to consumers.

81. Had Plaintiffs, Class Members, and other consumers known that the Products posed an overheating and fire risk, they would not have purchased them or would have paid significantly less.

82. As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiffs and Class Members suffered and continue to suffer financial harm,

injury, and other damages. Plaintiffs and the Classes seek all available damages, including compensatory damages, attorneys' fees, interest, and any other relief deemed appropriate by the Court.

## COUNT IV
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

83. Plaintiffs incorporate the allegations set forth in the previous Paragraphs as though set forth fully herein.

84. Plaintiffs bring this claim against Defendant on behalf of themselves and the other Members of the Nationwide Class (the "Classes").

85. Defendant is a merchant engaged in the sale of goods, including the defective Power Pods, to Plaintiffs and the Class.

86. There was a sale of goods from Defendant to Plaintiffs and Class Members, thereby establishing a commercial relationship between Defendant and consumers.

87. As the developer, manufacturer, marketer, distributor, and seller of the defective Products, Defendant impliedly warranted that the Products were merchantable and fit for their intended use.

88. However, contrary to these representations, the Products were defective and unfit for their ordinary use, as they posed a significant risk of overheating and catching fire, which was not disclosed to consumers at the time of sale.

89. Defendant breached the implied warranty of merchantability by selling products that were inherently defective and not suitable for their ordinary and intended purpose.

90. Defendant was on notice of this breach, was aware of adverse health and safety risks caused by overheating and potential ignition yet failed to take corrective action before selling the Products.

91. Plaintiffs and Class Members did not receive the goods as bargained for, as the Products were not merchantable, did not conform to industry standards, and failed to meet the quality and safety expectations of similar goods.

92. Plaintiffs and Class Members are intended beneficiaries of the implied warranties, as they reasonably relied on Defendant's expertise and reputation as merchants when purchasing the Products.

93. Plaintiffs and Class Members did not alter the Products, and they used them in the ordinary and intended manner.

94. The Products were defective at the time they left the exclusive control of Defendant, meaning that Defendant bears responsibility for the defect.

95. The Products were defectively designed and/or manufactured, making them unfit for their intended purpose and rendering them non-merchantable under applicable laws.

96. Plaintiffs and Class Members purchased the Products without knowing of the latent defect, which was undiscoverable at the time of purchase but existed when the Products left Defendant's control.

97. As a direct and proximate result of the defective Products, Plaintiffs and Class Members suffered damages, including, but not limited to, the cost of purchasing the defective Product, loss of use, and other related damages.

98. Defendant attempted to limit or disclaim their implied warranties, but any such disclaimers are unenforceable and void, as a product that poses safety risks cannot be lawfully sold under the implied warranty of merchantability.

99. Plaintiffs and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and

equitable relief, and all costs and attorneys' fees available under law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other Members of the Class alleged herein, respectfully request that the Court enter judgment in their favor and against the Defendant as follows:

- A. For an order certifying the Class and naming Plaintiffs as the representative for the Class and Plaintiffs' attorneys as Class Counsel;

- B. For an order declaring that Defendant's conduct violates the causes of action referenced herein;

- C. For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

- D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

- E. For prejudgment interest on all amounts awarded;

- F. For an order of restitution and all other forms of equitable monetary relief;

- G. For injunctive relief as pleaded or as the Court may deem proper;

- H. For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit; and

- I. For an order providing for all other such equitable relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of all those similarly situated, hereby request a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: May 9, 2025

Respectfully submitted,

By: /s/ Philip J. Furia
Phillip J. Furia, Esq.
Jason P. Sultzer, Esq.
**Sultzer & Lipari, PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601

T: (845)-244-5595
F: (888)-749-7747
E: furiap@thesultzerlawgroup.com
sultzerj@thesultzerlawgroup.com


Paul J. Doolittle (Pro Hac Vice Forthcoming)
**Poulin | Willey | Anastopoulo, LLC**
32 Ann Street
Charleston, SC 29403
T: (803) 222 – 2222
E: paul.doolittle@poulinwilley.com
   cmad@poulinwilley.com

*Attorneys for Plaintiffs and the Putative Class*